Case No. 24-2193. Hold on one second. Good morning. Good morning. I'm Melissa Tuohy on behalf of Skylar Keleher. May it please the court. The law is clear. A supervisee has a First Amendment right to access the Internet. And when a special condition infringes upon this right, this court is to conduct a more searching review in light of the heightened constitutional concerns. In this case, Mr. Keleher's First Amendment right to access the Internet comes through his agreement to participate in computer monitoring and he gets to continue that access as long as he follows the rules of that program. But a separate condition gives probation unilateral authority to take that access away by modifying Mr. Keleher's compliant court-authorized access outside the parameters of Rule 32.1, Subsection C-1. So, Ms. Kuhn, we have issued a number of decisions determining that the language of Special Condition 7 doesn't amount to an improper delegation. Can you explain how this matter is different? Yes, I sure can. First of all, when those conditions were imposed, Kuhns had not yet been decided. Also, there weren't as full records as the one I tried to create here to bring up to the court to revisit this. Also, Kuhns, the problem with those cases, with all due respect, is that the challenge conditions were being treated as like this was all one big thing. And they're not. It's like court-authorized access and then probationary discretion to modify what the court has authorized. Behind closed doors, no transparency, no due process. Also, the decisions misapplied Kuhns in concern with the consideration of the minor versus major details. Kuhns said that minor versus major details demand careful and contextual analysis of both the nature of the overall condition and the relative importance of the specific choice to the broader intrusion upon the supervisee's liberty. The context in which Kuhns was decided was considering the technological updates that can happen to computer monitoring in the future. We are not objecting to computer monitoring. We are objecting to what can happen to Kelleher who is complying with that condition. Go ahead. Kuhns focused on a one-device limit. I mean, there was a lot of language and discussion in Kuhns, and there's room for confusion because in various districts, the special conditions, their wording varies and so on. But here we have special conditions 6 and 7, one of which says your Internet use may be limited, and the 7 says your Internet use must be limited under conditions to be set by probation. It seems to me that this is, it says that the court is directing probation to limit your client's use of the Internet in ways consonant with the CIMP, as that may change and as circumstances may change over time. Is that an incorrect reading of this? I mean, the language in 6 and 7 is virtually identical, except for the use of may and must in another circumstance. To me, that adequately conveys the district court's own involvement in limiting Internet use according to conditions as they arise. Why am I wrong in that reading? So there's several issues with that. First of all, it conflicts, right? Because first it says it must be limited, and then it says, well, maybe. Maybe these things will happen. They're undefined terms, so that's where the vagueness problems come in. So the supervisee doesn't have any notice as to what can occur, but DeGroat was very clear that the language has to be unambiguous. It has to be an unequivocal mandate that the probation officer can follow, which does not occur here because if the court wanted some sort of limitation on the access that it's granting, it's not really saying so. What level of detail do you require? Do you think that the district court is obligated to provide at this stage with regard to a release that would happen 30 years later? Well, that's also a problem because the court is, like, saying. So that goes to whether this even needed to happen because the court is saying, we don't know what anything's going to look like in 30 years. You haven't received treatment, which he's never received sex offender treatment. He was 16 when he committed this offense. His actual computer activity has not even been monitored yet. So there is no information. So the court is, like, prematurely imposing the possibility of restrictions. But that's a different argument than the idea that the details to be sorted out at a later time are not minor, right? The idea as to whether or not it was, you know, they're premature, whether or not this challenge is even right is a different argument. Yes. I think the part that my colleague was hoping to get some more information on, or I'm at least hoping to get more information on, is the idea of how we understand these details that admittedly need to be sorted out in the future are not minor. Okay. So first of all, they can't be minor because they involve his First Amendment right to access, right? So it's already, if it's heightened. They're asking us to have a per se rule. Then that doesn't make any sense then because we wouldn't be able to have Condition 7 anywhere, and we have approved it.  But those cases also approve the Internet device limitation that was overturned through Coons. So it can be revisited, and it has to be revisited because it cannot be a minor detail when it, so for example. Okay, I'm sorry. So you're, just to be 100% clear, you think that our obligation today is to reexamine the permissibility of Condition 7 because of Coons? Because of Coons and because they are not minor details. Coons was talking about technology, and it crossed the threshold when it went into limiting devices. That became major because that became an infringement upon the liberty of the Internet of things. You cannot really exist in this world without the Internet. So for example, here's a very clear way to explain this, right? So in Mr. Kelleher's case, the district court did not impose a ban on legal pornography. Under Condition 7, probation can now ban him from accessing legal pornography. So that's a modification. That's a new sentence. That's a new term that did not exist at the time that sentence was imposed. That's why, like, it's not one thing. They're separate. It's like one is modifying a court order. Probation is modifying a court order. Where, sorry. No, go ahead. So we're not saying that, like, there can never be restrictions. We're just saying the way that this process is happening is there's no transparency. So why can't he start supervision and...  No transparency. So that suggests that you want more process discussing the details and that's a different kind of claim than the special conditions that this court imposed were inconsistent in their phrasing and left too much to the discretion of probation for the time that he ultimately gets released. Well, right. So what happened was in this case, and it was raised below, that in this case that this was the first one also outside of those summary orders where the proponents actually had to respond to the argument or to the objections. And they came back and said the same thing that the court said was, like, we just don't know what this is going to look like. We'll see, right? So that made me realize that that's what modifications are for. So it's like, OK, so he goes on supervised release. He gets treatment. He's starting to get monitored. If you see risks of places that he's going, that's the whole point of computer monitoring is to get the information so that you can help rehabilitate him. So could the district court have said, I think this is a serious crime and this person, based on everything I've seen before me in the PSR, is going to require serious monitoring. And I'm telling the district court, who will address the terms of his supervised release in 30 years, that this was a serious crime and I'm really worried. And I want everyone to come back to the district court at the time of his release. And at that time, we will review proposed conditions. Would that have been a viable alternative? Well, that's sort of what the court said, but still imposed the condition. So then imposed specific and detailed and limited, they have to be narrowly tailored as well. So a probation officer can impose a complete internet ban without the court ever knowing because it's the probation officer who is making the decision. So the probation officer could say, you have to consider a probation officer who, say their caseload is they're overwhelmed and they can't handle keeping up with all this computer monitoring. So they're like, all right, well, you know what? I'm going to limit your monitoring from Monday through Friday. You can use the internet Saturday and Sunday. What recourse does the supervisee have? If this condition is affirmed once again, then he has been. He can come back at the time of release and say this is being imposed in an unconstitutional manner. But it's not because the authority is given. It's delegated. There's no limits on it. They can limit it and restrict it in any way. So he can't come back and say there's an abuse. That's not what we've said. So we've said that there is recourse to a sentenced defendant if probation oversteps its authority. But you've reserved some time for rebuttal. Yes. So we'll hear from you. Yes. Good morning and may it please the court. Joshua Rothenberg for the government. This court has repeatedly upheld conditions like condition seven in this case, in Levanture under de novo review after Coons, in Fifi on the error prong of plein air after Coons, and in a number of other summary orders. We recognize those summary orders aren't binding on this panel, but we think that they correctly construed this court's precedent and correctly determined that delegations like this are allowed. Mr. Rothenberg, what are we to do with the inconsistent language, almost identical, but the inconsistent operative language in conditions six and seven? Your internet use may be limited or must be limited. But what does that mean? So, Your Honor, I think that condition seven controls because it is the narrower condition, and even if the defendant were right here that condition six standing alone would present a problem under de grote, the remedy would be to strike the may language in condition six, and condition seven would still stand, saying your internet use must be limited. Condition seven simply resolves this problem and makes any error in condition six harmless. What clue do we have that seven should prevail over six? Because it's narrower, Your Honor. Just because it's narrower? Yes, Your Honor. What probation might think otherwise? You know, we need flexibility. Well, Your Honor, I think that in this particular instance there's two reasons. One is that the district court was purposely imposing both of these conditions, so it meant to impose the stricter restriction, which is condition seven. And again, the second is the remedy for a problem with condition six would be to strike that language from condition six, but that would be harmless error because condition seven still stands. Let me ask you another question. I was interested by the various references in various cases to the Internet and Computer Management Program, which used to be different in different districts and have been adopted in different ways by various district courts, so it seems to be kind of a moving target whose substance can change over time. Am I right in that understanding? Yes, Your Honor, and this court recognized in Coons it sort of has to be a moving target because the Internet is a moving target, right? So probation offices across the circuit are trying to respond to technological changes as they happen in order to ensure that when defendants actually get out, and this defendant, his release date is probably going to be sometime in the 2040s, that they are being monitored and restricted appropriately as compared to the Internet of that time. So that's kind of the safety valve here for the future. Yes, Your Honor. We don't really know. No one really knows what is being agreed to here. I think that's right, Your Honor. We understand some things, right? There needs to be Internet restrictions for this defendant. That's what Condition 7 says, and it's clear why from his conduct. There needs to be some Internet restrictions, but what the Internet will look like will change what those Internet restrictions need to be. Well, see, I find it interesting that you conceded my colleague's question or point about them being redundant. I would have thought you said one is the now that we know under the best technology that we are able to muster, and then the second is the safety valve for the future, or the 7 is the safety valve for the future, accounting for a future that we can't predict. But now you're saying that 7 is the more specific and narrow version of 6. Is that right? So, Your Honor, 6 does several things, including bringing in the Internet and computer monitoring program at all. 7 is a very specific and narrow condition that says, and your Internet restriction, there will be substantive Internet restrictions, not just devices, but substantive Internet restrictions. That's what 7 is saying. So in that respect, I don't think it's about a now versus then. I think both are talking about then, right? But that's also not a redundant or conflicting, right, which I thought I heard you say there was some redundancy in conceding that there was a confliction. So, Your Honor, just to be clear, there's some portions of Condition 6, and the defense isn't challenging the entirety of Condition 6. The challenged portions match Condition 7, and in that respect, they are, I think there is some redundancy between the conditions, and again, in that respect, to the extent this Court thinks that there is a may-must conflict, we think must is clearly controlling. Certainly the rest of Condition 6 should still stand and requires the defendant's participation in the computer and Internet monitoring program, and in fact, the defense is relying on that continuing to stand. So we agree that portions of Condition 6 are perfectly fine. It's the challenged portions where there may be some redundancies, may be some conflicts. Your Honors, I'd be happy to answer any further questions the Court may have. Thank you. Thank you. I just want to restate, these arguments are not based in the technology. The technology is irrelevant, because we're agreeing to the computer monitoring. These are matters outside of the monitoring regime itself, because these restrictions and limitations that could happen modify his court-authorized access. Also, I want to address the fact that this idea, this false premise that he can come back to the Court and say they're abusing their authority, they're overstepping, when they've been given this broad authority to do whatever they choose. They're getting a blank check. And Lucier says you cannot challenge the legality of a condition on modification, nor if he is violated. So say they impose a month-long complete total Internet ban, and he has to use the Internet, because how can you exist in society without? And he gets violated for that, and he comes to Court for the violation. He can't argue that the officer abused his discretion to defend himself against the violation. He will be revoked and subject to imprisonment. So it's basically this idea, he's being put in a box and a door is drawn on it that he cannot really open. The burden is being placed on him to correct the thing that it doesn't have to be imposed now. They can supervise him, they can see his activity, they can identify risks, they can go through the procedures of Rule 32 to come to the Court and say we want to modify to impose a very specific and narrow restriction on his court-authorized access. So I do hear you, Counselor, but I'm wondering if the flip side of that argument is that since the specific restrictions have not been set, that there's a rightness issue as to your vagueness argument. Well, Kuhn says it's right for review because it was delegated. The authority has been delegated now. That is in the Kuhn's case. So it is right for review because the power to make all these modifications exists now. And I just want to really get the Court to focus to separate these two things out as one is giving and one is taking away. And the one that is taking away is the probation officer. Do we have the power to construe the special condition in a way to narrow the probation officer's authority? Not here. There is no narrow interpretation. You've misunderstood my question. Okay, yes. Do we have the power as the Court of Appeals to construe the condition narrowly so as to narrow the probation officer's authority or delegation? I don't think so, Your Honor, because I'm adamant that it's an impermissible delegation because it's major details and court functions weighing 3553A factors. Those are certainly major details. So the main premise of your argument is that this is a major, I don't even know that it's right to call it a detail, but a major, major change. Yes, because it's his First Amendment rights, so of course it has to be major. And it impacts his access for his entire life term of supervision for the rest of his life. Thank you so much. Thank you. Thank you so much.